June 22, 2026

**<u>FILED VIA CM/ECF</u>**

The Honorable David J. Smith, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, NW
Atlanta, GA 30303

>   Re:   *United States v. Alvaro Lopez Tardon,* No. 14-15140-C
>          Response to Government's June 22, 2026 Supplemental Authority Letter

Dear Mr. Smith:

The government's June 22 supplemental letter claims that an issue has been raised in this case regarding whether the government proved the defendant *knew* the alleged specified unlawful activity—which the jury was wrongly invited to believe was a violation of 21 U.S.C. § 841—was a felony.  The government does not cite to any part of Appellant's briefing asserting such a mens rea issue.  The defendant explained in his initial and reply briefing that the issue is whether—as this Court recently held in *United States v. Spila*, 136 F.4th 1296 (11th Cir. 2025), *cert. denied*, 146 S. Ct. 250 (2025)—the specified unlawful activity *was proven to be a felony*.  *Id.* at 1305 (The statute requires the government "to prove that the unlawful activity is a felony."); *see* Appellant's Brief at 21 (stating issue as:  "The government failed to prove anything statutorily-relevant regarding Spanish or other foreign drug laws, including proof of a felony offense as required under the 'some unlawful activity' definition[.]"); *see also* Appellant's Reply Brief at 8–10.

The government, in mistakenly relying on U.S. drug statutes at trial in the defendant's case, failed to prove that any foreign crimes were felonies, much less how foreign conspiracy or other laws might apply.  *See* Appellant's Brief at 22 ("The government sought after trial to discount its failure to prove the 'felony' element, but failure of proof of an element requires acquittal.").

>    Respectfully submitted,
>
>    /s/ Richard C. Klugh
>    Richard C. Klugh, Esq.
>    40 N.W. Third Street, PH1

Miami, Florida 33128
Tel. (305) 903-6900
rklugh@klughlaw.com
*Counsel for Appellant Alvaro Lopez Tardon*